# United States Court of Appeals for the Federal Circuit

---

**NORMAN G. JENSEN, INC.,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee,*

---

2011-1319

---

Appeal from the United States Court of International Trade in case no. 10-CV-0115, Judge Richard K. Eaton.

---

Decided: August 10, 2012

---

JOEL R. JUNKER, Joel R. Junker & Associates, of Seattle, Washington, argued for plaintiff-appellant.

JUSTIN R. MILLER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of New York, New York, argued for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, of Washington, DC; and BARBARA S. WILLIAMS, Attorney in Charge, and JASON M. KENNER, Trial Attorney, of New York, New York. Of counsel on the brief was PAULA S. SMITH, Office of Assistant Chief Counsel, International

Trade Litigation, U.S. Customs and Border Protection, of New York, New York.

SIDNEY N. WEIS, Hitachi Home Electronics (America), Inc., of New York, New York. Of counsel on the brief was STEVEN B. ZISSER, Zisser Customs Law Group, PC, of San Diego, California.

————————————

Before BRYSON, SCHALL, and PROST, *Circuit Judges*.

SCHALL, *Circuit Judge*.

Norman G. Jensen, Inc. ("Jensen") appeals the final decision of the United States Court of International Trade in *Norman G. Jensen, Inc. v. United States*, Slip Op. 11-15, 2011 WL 587174 (Ct. Int'l Trade Feb. 10, 2011). In that decision, the court dismissed for lack of jurisdiction Jensen's complaint under 28 U.S.C. § 1581(i). In its complaint, Jensen sought a writ of mandamus to compel Customs and Border Protection ("Customs") to rule on Jensen's protests that have been pending before Customs beyond the two year time period set forth in 19 U.S.C. § 1515(a). The court concluded that jurisdiction was lacking under § 1581(i) because jurisdiction only lies under that provision when no other subsection of § 1581 provides an adequate remedy. The court stated that Jensen had such a remedy in the form of an action under § 1581(a). The court reasoned that Jensen could seek accelerated disposition of its protests by Customs under 19 U.S.C. § 1515(b) and then contest under § 1581(a) any subsequent denial of the protests. *See Jensen*, 2011 WL 587174, at *4. Because we discern no error in the Court of International Trade's decision, we affirm its dismissal of Jensen's complaint.

BACKGROUND

I.

The pertinent facts are not in dispute. Jensen is a licensed customs broker. On February 15, 21, and 22, 2007, it filed with Customs 308 protests on behalf of various importers. The protests sought reliquidation of 1,529 entries of softwood lumber from Canada.

On March 9, 2009, more than two years after the protests were filed, Jensen contacted Customs to inquire about the status of the protests. After nearly two months, Customs replied that the protests had been consolidated under a "lead protest" and that a draft protest decision letter had been prepared, but not yet finalized.

On August 7, 2009, in response to an inquiry by Jensen, Customs suggested that Jensen contact the Port of Detroit, Michigan, for a list of the protests consolidated under the lead protest. Jensen responded to Customs on August 10, 2009, expressing its concern that the Port of Detroit might not possess a complete list of protests consolidated under the lead protest, as some of the protests had been filed in ports other than the Port of Detroit. Jensen again requested from Customs a complete list of the consolidated protests.

After receiving no response to its request, Jensen filed suit in the Court of International Trade on August 13, 2009. Jensen states that it filed suit "for the purpose of preserving its appeal rights in the event [Customs] has issued any decisions regarding some or all of the protests within the statutory deadline and not given notice to [Jensen]." Compl. ¶16, *Jensen*, 2011 WL 587174.

On October 20, 2009, after still having received no response to its inquiry of August 10, 2009, Jensen again inquired regarding the status of its protests. Customs

responded via email message on October 22, 2009, stating that pursuant to 19 C.F.R. § 177.7(b), it would not issue a ruling with respect to any issue pending before the Court of International Trade and that therefore it would not rule on Jensen's protests because of the action that Jensen had filed on August 13.

Responding by letter to Customs' email on November 10, 2009, Jensen stated that Customs had a statutory obligation to issue a decision with respect to the protests within two years from the date they were filed; it again requested a decision on the protests. Customs did not respond.

## II.

On April 2, 2010, Jensen brought an action in the Court of International Trade seeking a writ of mandamus to compel Customs to rule on its protests. Jensen asserted jurisdiction under 28 U.S.C. § 1581(i). The government responded by moving to dismiss the action, arguing that jurisdiction did not lie under § 1581(i) because jurisdiction under another subsection of § 1581 was available. The government contended that Jenson could request accelerated disposition of its protests under 19 U.S.C. § 1515(b) and then contest any subsequent denial of the protests in the Court of International Trade pursuant to 28 U.S.C. § 1581(a). For this reason, the government argued, Jensen could not invoke the Court of International Trade's § 1581(i) residual jurisdiction.

The Court of International Trade held that it lacked jurisdiction over the mandamus action and dismissed Jensen's complaint. *Jensen*, 2011 WL 587174. The court started from the premise that jurisdiction under § 1581(i) is limited to those circumstances in which either no other provision of § 1581 can provide jurisdiction or, if jurisdiction does lie under another subsection, "the other subsec-

tion is shown to be manifestly inadequate." *Id.* at *3 (quoting *Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1292–93 (Fed. Cir. 2008)). The court then stated that Jensen had a clear path to having its protests decided by Customs by following the procedure for an accelerated disposition set forth in 19 U.S.C. § 1515(b). *Id.* at *4. By following this procedure, the court observed, Jensen could obtain a ruling on the protests within 30 days and then appeal any denial under § 1581(a). That provision gives the Court of International Trade "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under [19 U.S.C. § 1515]." Thus, the court held, because jurisdiction was available under another subsection of § 1581, jurisdiction did not exist under § 1581(i).

In its ruling, the court relied on *Hitachi Home Electronics (America), Inc. v. United States*, 704 F. Supp. 2d 1315 (Ct. Int'l Trade 2010), *aff'd*, 661 F.3d 1343 (Fed. Cir. 2011), *reh'g en banc denied*, 676 F.3d 1041. *Jensen*, 2011 WL 587174, at *5. In *Hitachi*, the Court of International Trade stated that delay by Customs in issuing a protest decision could be addressed under the accelerated disposition procedure of 19 U.S.C. § 1515(b), followed by an appeal to the court under 28 U.S.C. § 1581(a). *Hitachi*, 704 F. Supp. 2d at 1320. Under § 1515(b), "[f]or purposes of section 1581 of Title 28, a protest which has not been allowed or denied in whole or in part within thirty days following the date of mailing . . . of a request for accelerated disposition shall be deemed denied on the thirtieth day following mailing of such request."

Finally, the court was not persuaded by Jensen's argument that because Jensen was requesting a decision on the protests and not a deemed denial, § 1515(b) was "manifestly inadequate." *Jensen*, 2011 WL 587174, at *5. The court rejected the proposition that a request for

accelerated disposition would necessarily result in a deemed denial, stating "Congress established the accelerated disposition procedure so that Customs would have an opportunity to make a decision and the court will not assume that Customs will fail to act." *Id.*

Jensen has appealed the Court of International Trade's decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(5).

DISCUSSION

I.

This court reviews *de novo* the Court of International Trade's dismissal for lack of jurisdiction. *Hitachi Home Elecs. (Am.), Inc. v. United States*, 661 F.3d 1343, 1344 (Fed. Cir. 2011), *reh'g en banc denied*, 676 F.3d 1041. We also review *de novo* the Court of International Trade's statutory interpretation. *Id.*

II.

Jensen states that the relief it is seeking in its mandamus action is specific and straightforward: "Customs' review of its protests and a protest decision by Customs that allows or denies Jensen's protests in whole or in part with stated reasons for any denial, as expressly required by 19 U.S.C. § 1515(a)."[1] Pl.'s Br. at 15. Jensen says that it is not interested in the deemed denial that it asserts would inevitably flow from resort to accelerated disposi-

---

[1] Section 1515(a) states, in pertinent part:

Unless a request for an accelerated disposition of a protest is filed in accordance with subsection (b) of this section the appropriate customs officer, within two years from the date a protest was filed in accordance with section 1514 of this title, shall review the protest and shall allow or deny such protest in whole or in part.

tion under § 1515(b). *Id.* at 15–21. Jensen contends that because it cannot obtain the relief it seeks under § 1515(b), § 1581(a) is manifestly inadequate and thus jurisdiction under § 1581(i) is appropriate. In pressing its case, Jensen relies on our decision in *Canadian Wheat Board v. United States*, 641 F.3d 1344 (Fed. Cir. 2011), arguing that, in that case, jurisdiction was held to exist under § 1581(i) despite the fact that jurisdiction would have existed under another subsection of § 1581 had the plaintiff opted for an alternative avenue for resolving its complaint. Pl.'s Br. at 27–30.

The government responds that the Court of International Trade correctly dismissed Jensen's mandamus action for lack of jurisdiction. Jurisdiction under § 1581(i) cannot be invoked, it argues, because Jensen can seek accelerated disposition under § 1515(b), followed by suit in the Court of International Trade under § 1581(a) if the protests are denied or deemed denied. Def.'s Br. at 7–19. The government also takes the position that Customs' failure to decide Jensen's protests, which is the basis for Jensen's complaint, is the product of Jensen's own action, namely the filing of suit in the Court of International Trade. *Id.* at 15–16. The government states that, pursuant to 19 U.S.C. § 1515(c) and 19 C.F.R. § 177.7(b),[2]

---

[2]    19 U.S.C. § 1515(c) states, in pertinent part:

If an action is commenced in the Court of International Trade that arises out of a protest or an application for further review, all administrative action pertaining to such protest or application shall terminate and any administrative action taken subsequent to the commencement of the action is null and void.

19 C.F.R. § 177.7(b) states, in pertinent part: "No ruling letter will be issued with respect to any issue which is pending before the United States Court of International

Customs was barred from ruling on Jensen's protests by reason of the action Jensen filed in the Court of International Trade on August 13, 2009.

### III.

### A.

The Court of International Trade's jurisdiction is limited to the situations enumerated in 28 U.S.C. § 1581. *Hartford Fire*, 544 F.3d at 1291. As noted, § 1581(a) gives the court "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under [19 U.S.C. § 1515]." Pursuant to 19 U.S.C. § 1515(a):

> Unless a request for an accelerated disposition of a protest is filed in accordance with subsection (b) of this section the appropriate customs officer, within two years from the date a protest was filed in accordance with section 1514 of this title, shall review the protest and shall allow or deny such protest in whole or in part.

Also relevant to Jensen's appeal, § 1581(i) provides a residual grant of jurisdiction in addition to the specific grants of jurisdiction outlined in subsections (a)-(h) of § 1581, stating in relevant part:

> In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that

Trade, the United States Court of Appeals for the Federal Circuit, or any court of appeal therefrom."

arises out of any law of the United States providing for . . . tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue . . . .

We have referred to § 1581(i) as a "catch all provision." *Hartford Fire*, 544 F.3d at 1292 (citing *Norcal/Crosetti Foods, Inc. v. United States*, 963 F.3d 356, 359 (Fed. Cir. 1992)). An overly broad interpretation of this provision, however, would threaten to swallow the specific grants of jurisdiction contained within the other subsections and their corresponding requirements. Accordingly, "we have [] consistently held that to prevent circumvention of the administrative processes crafted by Congress, jurisdiction under subsection 1581(i) may not be invoked if jurisdiction under another subsection of 1581 is or could have been available, unless the other subsection is shown to be manifestly inadequate." *Hartford Fire*, 544 F.3d at 1292 (citing *Int'l Custom Prods., Inc. v. United States*, 467 F.3d 1324, 1327 (Fed. Cir. 2006)).

## B.

The Court of International Trade held that it lacked jurisdiction under § 1581(i) because Jensen possessed an adequate remedy under 19 U.S.C. § 1515(b). Specifically, Jensen could seek accelerated disposition of its protests under that provision and then contest any denial with an action under § 1581(a). *Jensen*, 2011 WL 587174, at *4. Accordingly, Jensen could obtain jurisdiction under an alternate subsection of § 1581, and jurisdiction in the Court of International Trade under § 1581(i) was barred. We agree.

Under 19 U.S.C. § 1515(b), a protesting party may file a request for accelerated disposition at any time concurrent with or after the filing of its protest. If a party

chooses to pursue this option, "[f]or purposes of [28 U.S.C. § 1581], a protest which has not been allowed or denied in whole or in part within thirty days following the date of mailing . . . of a request for accelerated disposition shall be deemed denied on the thirtieth day following mailing of such request." 19 U.S.C. § 1515(b).

As the Court of International Trade correctly noted, were Jensen to file a request for accelerated disposition, within thirty days it would receive either a decision on its protests by Customs or a deemed denial. *Jensen*, 2011 WL 587174, at *4. Either result would suffice to confer jurisdiction in the Court of International Trade under § 1581(a). Thus, because Jensen could obtain jurisdiction under § 1581(a), jurisdiction under § 1581(i) does not exist. *See Hartford Fire*, 544 F.3d at 1292.

## C.

In attempting to establish jurisdiction under § 1581(i), Jensen presents two main arguments. We address each in turn.

Jensen first contends that jurisdiction under § 1581(a) would be manifestly inadequate because the record establishes that an accelerated disposition under § 1515(b) would result in a deemed denial and not a decision by Customs, which is what it is seeking. Essentially, Jensen argues as follows: It is entitled by law to a decision on its protests. The record demonstrates, however, that, in this case, resort to accelerated disposition would not yield such a decision. That is because Customs has stated that it is barred by regulation from issuing a decision. In short, according to Jensen, accelerated disposition followed by jurisdiction under § 1581(a) would be manifestly inadequate. We do not agree.

Contrary to its assertion, Jensen is not entitled to an immediate decision by Customs. Jensen premises its argument on § 1515(a), which provides in relevant part:

> Unless a request for an accelerated disposition of a protest is filed in accordance with subsection (b) of this section the appropriate customs officer, within two years from the date a protest was filed in accordance with section 1514 of this title, shall review the protest and shall allow or deny such protest in whole or in part.

Jensen argues that because two years have passed since the filing of its protests, as a matter of law it is now entitled to a decision by Customs, not just the deemed denial which it states would result from resort to § 1515(b). Jensen's argument, however, fails in light of this court's recent decision in *Hitachi*.

In *Hitachi*, the plaintiff filed protests related to tariffs paid on televisions it had imported into the United States. 661 F.3d at 1344. Customs did not issue a decision within a two-year period, and the plaintiff filed an action in the Court of International Trade. *Id.* On appeal, we examined the "question of whether, if Customs fails to allow or deny a protest within the two-year period provided by 19 U.S.C. § 1515(a), the protest is deemed allowed by operation of law and Customs' power to act on the protest is expired, and whether § 1581(i) therefore provides jurisdiction for Hitachi to recover the duties subject to the protest." *Id.* at 1345.

We began our analysis in *Hitachi* by examining "the great weight of precedent that when Congress intends there to be consequences for noncompliance with statutory deadlines for government action, it says so expressly." *Id.* at 1347. Then, turning to the plaintiff's arguments, we stated that although § 1515(a) indicates

that Customs will render a decision within two years, the statutory language does not provide for any consequence for Customs' failure to act within that time period. *Id.* at 1348 ("There is no statement of any consequence in the event that Customs does not act."). In addition, we stated that the legislative history was silent regarding any consequence for Customs' failure to act. *Id.* at 1350. The clear import of our determination that Congress did not expressly impose any consequence for Customs' failure to act within two years is that the two-year requirement is directory, not mandatory. Jensen cannot claim entitlement to an immediate decision simply because two years have elapsed since the filing of the protests.

Jensen's attempt to distinguish *Hitachi* is unpersuasive. According to Jensen, *Hitachi* is distinguishable because of the difference in remedy sought; Jensen merely seeks a decision by Customs, a remedy to which Jensen is legally entitled, as opposed to the automatic allowance of the protest sought by the plaintiff in *Hitachi*. Pl.'s Reply Br. at 23–24. This distinction, however, ignores the reasoning of *Hitachi*. We did not hold in *Hitachi* that the plaintiff's suit failed because it sought the incorrect remedy for Customs' failure to render a decision; rather, we held the plaintiff's suit failed because Congress had not provided a "statement of any consequence in the event that Customs does not act." *Hitachi*, 661 F.3d at 1348. Thus, *Hitachi* cannot be distinguished simply because Jensen seeks a remedy different from the one sought in that case.

Jensen also argues that our decision in *Canadian Wheat* supports its position. In *Canadian Wheat*, the plaintiff had challenged before a NAFTA binational panel an antidumping duty order issued by the Department of Commerce ("Commerce"). 641 F.3d at 1347. The NAFTA panel found that there was not substantial evidence to

support certain of Commerce's findings. As a result, Commerce subsequently revoked the order. *Id.* at 1347–48. After the revocation of the antidumping duty order, the plaintiff filed suit in the Court of International Trade under 28 U.S.C. § 1581(i), seeking the return of duties that had been deposited with the Department of Commerce prior to the revocation of the order. *Id.* at 1348.

In responding to the suit, the government argued that the Court of International Trade lacked jurisdiction under § 1581(i) because the original challenge to the antidumping duty order could have been brought before the Court of International Trade under § 1581(c) instead of before the NAFTA panel. *Id.* at 1351. Importantly, however, the government did not contend that the suit actually before the court, a suit for a return of the duties as a result of the revocation of the antidumping order, could be brought under another subsection of § 1581. *Id.* Thus, contrary to Jensen's contention, our holding in *Canadian Wheat* is entirely consistent with a finding that jurisdiction under § 1581(i) is barred in the present case. Unlike in *Canadian Wheat*, jurisdiction over the present suit could be procured under another subsection of § 1581 simply by requesting accelerated disposition under § 1515(b) and then securing jurisdiction under § 1581(a). As we explained in *Hitachi*, jurisdiction cannot lie under § 1581(i) when an avenue to judicial review under § 1515(b) exists:

> Hitachi argues that if its protest was not allowed by operation of law, then it is nevertheless entitled to jurisdiction under § 1581(a) or (i) because otherwise it will be deprived of its right to judicial review due to Customs' refusal to act. This argument ignores the remedy available to Hitachi under § 1515(b) and is therefore without merit.

661 F.3d at 1350–51.

CONCLUSION

For the foregoing reasons, we affirm the decision of the Court of International Trade.

Each party shall bear its own costs.

*AFFIRMED*